IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. COOK | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 12-0208-CV-W-HFS-P |
| | ) | (Criminal Case No. 09-00224-18-CR-W-HFS) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Movant seeks relief from his 30 month sentence in a drug case, contending that he was misinformed by his attorney about the likely result of his making a belated objection to the use of a cocaine enhancement in his marijuana conviction. The effect of deleting reference to cocaine would, apparently, have made 30 months the top of the guideline range rather than the bottom of the range.

A hearing would not help determine with any accuracy how Government counsel and the court would have reacted if movant had contested cocaine involvement, as one or more witnesses purportedly would have testified. Plea Tr. 13. Even supposing movant could obtain a ruling that the Government would have agreed to a plea without the cocaine reference, or that the court might have accepted a late objection to the inclusion of cocaine in determining culpability, it is clear that a mistaken prediction by counsel would not authorize relief. It would not show ineffective assistance of counsel in a Constitutional sense. Even bad predictions regarding the guidelines, unless grossly wrong, do not qualify as ineffective assistance. Blanco v. United States, 995 F.2d 1061 (1st Cir. 1993); Corcoran v. United States, 978 F.2d 1253 (1st Cir. 1992); Jones v. United States, 2005 WL

1155925 (3rd Cir.) (citing rulings in the 7th, 8th and 4th Circuits); United States v. Montes-Mercado, 221 F.3d 1349 (9th Cir. 2000) (referring to "mere inaccurate predictions" as offering no basis for relief). Predictions about future actions of others are even more clearly immune from relitigating as grounds for relief.

A review of the change of plea transcript and the sentencing transcript demonstrates movant's full participation in the scenario inculpating him, to a minor extent, in cocaine activity. See Plea Tr. 3, 7, 9-10, 11, 13-14, for his knowledge of the cocaine aspect of the plea agreement; Plea Tr. 12, for an acknowledgment of satisfaction with counsel, when movant knew as much as he does now about what would have occurred if he had objected to the cocaine reference; and movant's sentencing acknowledgment of "mistakes" (which included cocaine activity, according to the pre-sentence report). Sentencing Tr. 6.

For the reasons stated, the 2255 motion is hereby DENIED, and a certificate of appealability, if requested, would also be DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May  1 , 2012

Kansas City, Missouri